US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

NOV - 2 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

Jose Armando Aguilar Ramirez,       )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )
                                    )
Kalpesh Gandhi;                     )   Case No.  18-5218-PKH
                                    )
Krupali, Inc. DBA Super 8;          )
                                    )
Manav Investor of N.W. Arkansas, Inc. DBA )
Scottish Inn & Suites               )
                                    )
        Defendants.                 )
                                    )

**COMPLAINT**

1.      Plaintiff, Jose Armando Aguilar Ramirez ("Plaintiff"), brings this action to recover unpaid minimum, overtime, and promised wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Minimum Wage Act of the State of Arkansas ("AMWA"), A.C.A. §§ 11-4-201, *et seq.*, and the Arkansas common law actions of breach of contract, quantum meruit, and promissory estoppel.

2.      Plaintiff worked primarily performing maintenance for Defendants at their various motels in Northwest Arkansas. Defendant failed to pay Plaintiff his promised hourly rate and for all hours worked. Despite regularly working well over forty hours per week, Plaintiff was never paid overtime. Additionally, Defendant unlawfully withheld Plaintiff's wages for the last week of Plaintiff's employment. Defendant also did not pay Plaintiff for compensable time Plaintiff spent on the jobsite preparing for and completing work every day.

1

3.      Plaintiff seeks his unlawfully withheld minimum and promised wages; unpaid overtime pay; wages for off-the-clock work; liquidated damages; pre-judgment and post-judgment interest; and reasonable attorney's fees and costs.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

5.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Arkansas causes of action because they are so related to the federal claims they are part of the same case or controversy.

## VENUE

6.      Venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to these claims occurred in this judicial district.

## PARTIES

7.      Plaintiff worked for Defendants at their various motels.

8.      Upon information and belief, Defendant Gandhi owns and operates a number of motels in Northwest Arkansas, including the Scottish Inn, located at 1219 South Thompson Street, Springdale, Arkansas; The Days Inn, located at 523 South Shiloh Dr., Fayetteville, AR 72704; two locations of Super 8 Motel, located at 1075 S Shiloh Dr., Fayetteville, AR 72701 and 4540 W Sunset Ave, Springdale, AR 72762; the Rogers Inn, located at 919 S 8th St, Rogers, AR 72758; and the Baymont Inn, located at 735 S Shiloh Dr., Fayetteville, AR 72704 (collectively "Motels").

2

9.     Defendant, Krupali, Inc., is a domestic corporation organized under the laws of the State of Arkansas and can be served via its registered agent of service, Kalpesh Gandhi, at 1219 S. Thompson Springdale, AR 72764.

10.     Defendant, Manav Investor Of N.W. Arkansas, Inc., is a domestic corporation organized under the laws of the State of Arkansas and can be served via its registered agent of service, Kalpesh Gandhi, at 1219 S. Thompson Springdale, AR 72764.

11.     Upon information and belief, Defendants Krupali, Inc. ("Krupali") and Manav Investor of N.W. Arkansas, Inc. ("Manav") are among the entities and individuals that own Motels along with Defendant Gandhi.

12.     Plaintiff's paychecks were issued from bank accounts including the accounts of Defendant Krupali and Defendant Manav.

13.     Upon information and belief, Defendant Gandhi was the owner and/or operator of Krupali and Manav and was the agent of both entities during Plaintiff's employment.

14.     Defendant Gandhi was responsible for the day to day management of Motels, including making hiring and other personnel decisions for Motels during Plaintiff's employment.

15.     Defendant Gandhi held the apparent authority to make business decisions for Motels during Plaintiff's employment.

16.     Defendant Gandhi's actions during Plaintiff's employment are imputed to all other Defendants because he was acting on behalf of the Defendants as the principal of the Defendants or as an agent of Defendants.

## FACTS

17.     On approximately August 18, 2017, Defendant Gandhi hired Plaintiff to do general handyman work at Motels. Plaintiff's duties were determined by Defendant Gandhi and

3

included, among other things, unclogging sinks and toilets; repairing and painting walls; moving furniture; and fixing dryers, washing machines, air conditioning units, televisions, furniture, and flooring.

18.     While Plaintiff was hired to do handyman work, he was periodically required to do other tasks for his employers. For example, during a busy week, Defendant Gandhi required Plaintiff to do general housekeeping duties because Motels were understaffed.

19.     Plaintiff and Defendant Gandhi entered into an oral contract where Plaintiff would receive hourly pay at a rate of $9.50 from his hire date to August 31, 2017 and that, if Defendant Gandhi was satisfied with his work, the rate would then increase to twenty dollars an hour.

20.     Defendant Gandhi expressed no dissatisfaction with Plaintiff's work and continued to employ him.

21.      Despite Plaintiff's satisfactory work and Defendant Gandhi's ongoing promises, Defendant Gandhi never increased Plaintiff's hourly wage to the promised twenty dollars.

22.     At some point during Plaintiff's employment, Defendant Gandhi increased Plaintiff's salary slightly to $11.00 an hour.

23.     Plaintiff asked Defendant Gandhi on multiple occasions why his pay did not reflect the promised rate of twenty dollars an hour.

24.     When asked, Defendant Gandhi agreed that Plaintiff should have been paid twenty dollars an hour. On one occasion, Defendant Gandhi said he had forgotten about the pay increase and, on another occasion, said that he was working on fixing the discrepancy with his accountant.

4

25. Defendant Gandhi made multiple subsequent promises that Plaintiff would be paid twenty dollars an hour for both the past work and for all future work.

26. Despite Defendant Gandhi's renewed promises, Defendants paid Plaintiff substantially less than the promised twenty dollars an hour.

27. Plaintiff frequently worked over eight hours a day and frequently worked six or sometimes even seven days a week.

28. Defendant Gandhi initially told Plaintiff he would provide a work truck and tools for Plaintiff to use to complete his work assignments.

29. However, Plaintiff and Defendant Gandhi agreed that Plaintiff would have to use his own tools because Defendants' tools were inadequate for the tasks Plaintiff was assigned.

30. For the first week of his employment, Plaintiff used his own vehicle to travel between Motels; Plaintiff then asked Defendant Gandhi to pay an additional dollar per hour to compensate him for the cost of using his own vehicle. Instead, Defendant Gandhi required that Plaintiff use Defendants' truck to travel between the properties.

31. Plaintiff usually picked up Defendants' truck keys up from Defendant Gandhi's wife in the morning and returned the keys at the end of the workday to either Defendant Gandhi or Defendant Gandhi's wife at Defendants' Scottish Inn.

32. Around the beginning of October 2017, Plaintiff told Defendant Gandhi that he could no longer use Defendants' truck because the tires were so bad that it was dangerous to drive and began using his personal vehicle. Defendant Gandhi agreed to reimburse Plaintiff for the use of Plaintiff's vehicle until he got new tires. Defendant Gandhi did not put new tires on Defendants' truck while Plaintiff was still employed.

5

33.    Defendant Gandhi informed Plaintiff that he would need to show up to work every morning at 8:00 am to be given his assignments for the day.

34.    After receiving his assignments for each day, Plaintiff had to select the correct tools, equipment, and materials to complete the tasks then load the tools, equipment, and materials into the work truck. Some of the equipment and materials were very heavy and burdensome to move resulting in prolonged time spent preparing for work.

35.    Plaintiff was not paid for the time he spent preparing and moving the tools, equipment, and materials to the work vehicle for the day.

36.    Plaintiff consistently worked throughout the workday without taking breaks.

37.    Upon information and belief, Defendants withheld one hour's wages from Plaintiff for every day he worked regardless of the fact that Plaintiff did not take an hour-long break.

38.    On extremely rare occasions, Plaintiff took a lunch break with a coworker.

39.    While his hours varied somewhat, Plaintiff would regularly work until approximately 6:00 pm.

40.    For a portion of his employment, Plaintiff had to spend additional time after 6:00 pm returning Defendants' truck back to the Scottish Inn and moving his tools back to his personal vehicle.

41.    Plaintiff was not paid for the time he spent returning Defendants' truck and keys back to the Scottish Inn. Plaintiff was not paid for the time he spent moving his tools or other materials back over to his vehicle.

42.    Plaintiff's work was integral to the operation of Defendant's business.

6

43.     Defendants set the rate of pay for Plaintiff and determined his work hours and job duties.

44.     Plaintiff worked full time for Defendants.

45.     Defendants controlled the work Plaintiff did every day.

46.     Plaintiff's income was a set hourly rate and did not have the opportunity for profit based on his performance.

47.     Plaintiff terminated his employment with Defendants on October 20, 2017 due to the fact that Defendants continued to fail to pay his promised hourly wage.

48.     Plaintiff's paychecks did not contain specific information regarding rate of pay; they merely showed a lump sum paid for a pay period.

49.     Plaintiff contemporaneously kept notes of the hours he worked.

50.     On information and belief, Defendants failed to keep complete records of Plaintiff's work and pay as required by law.

51.     Plaintiff frequently worked over forty hours per workweek.

52.     Plaintiff was never paid overtime pay at a rate of one and a half times his regular rate of pay for the hours he worked exceeding forty a week.

53.     Additionally, Defendants knowingly withheld Plaintiff's wages for the last week of his employment.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act ("FLSA")

54.     Plaintiff re-alleges the preceding paragraphs as if set forth herein.

55.     Defendants Gandhi, Krupali, and Manav were the "employers" of Plaintiff as the word is defined in the FLSA (29 U.S.C. § 203(d)).

7

56.     Plaintiff was the "employee" of Defendants Gandhi, Krupali, and Manav as the word is defined in the FLSA (29 U.S.C. § 203(e)).

57.     Upon information and belief, Defendants Gandhi, Krupali, and Manav meet both qualifications for statutory coverage under the FLSA in that, during Plaintiff's employment, they: (1) had at least two employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) constituted an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

58.     Defendants failed to pay Plaintiff minimum wage for all hours worked including his last week of work in violation of 29 U.S.C. § 206.

59.     Defendants failed to pay Plaintiff overtime wages for all hours over forty hours worked each week in violation of 29 U.S.C. § 207.

60.     Plaintiff seeks his unpaid minimum wages, his unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## Count II
## Violation of the Arkansas Minimum Wage Act ("AMWA")

61.     Plaintiff re-alleges the preceding paragraphs as if set forth herein.

62.     Defendants Gandhi, Krupali, and Manav were the "employers" of Plaintiff under AMWA (Ark. Code Ann. § 11-4-203(4)).

63.     Upon information and belief, Defendants employed more than four employees during 2017 (Ark. Code Ann. § 11-4-203(4)(B)).

64.     Plaintiff was the "employee" of Defendants Gandhi, Krupali, and Manav under Ark. Code Ann. § 11-4-203(3).

65.     Plaintiff worked for Defendants in Arkansas.

66.     Defendants failed to pay Plaintiff minimum wage for all hours worked, including his last week of work in violation of Ark. Code Ann. § 11-4-210.

67.     Defendants failed to pay Plaintiff overtime wages for all hours over forty hours worked each week in violation of Ark. Code Ann. § 11-4-211.

68.     Defendants willfully violated AMWA and are thus liable for Plaintiff's minimum and overtime wages as well as an equal amount in liquidated damages and attorney's fees and costs  pursuant to Ark. Code Ann. § 11-4-218(a).

## Count III
## Breach of Contract

69.     Plaintiff re-alleges the preceding paragraphs as if set forth herein.

70.     Defendant Gandhi, individually and on behalf of the other Defendants, orally promised Plaintiff an hourly salary of twenty dollars after an introductory trial employment period.

71.     Plaintiff followed through with his duties under the contract by performing satisfactory work.

72.     Defendants did not follow through with their contractual duty to pay Plaintiff twenty dollars an hour.

73.     Plaintiff was damaged by Defendants' breach.

74.     Defendants breached the oral contract they entered into with Plaintiff.

75.     Plaintiff seeks recovery of the difference in hourly salary he was actually paid and the hourly salary he was contractually owed. Plaintiff seeks this recovery for the entire period he worked for Defendants once his two-week trial period ended, including the last week of his employment and for which he received no pay.

9

76.     Plaintiff has made repeated reasonable demands for the money owed under this contract both himself and through his counsel.

77.     Plaintiff also seeks attorney's fees in this breach of contract claim pursuant to Ark. Code Ann. § 16-22-308.

## Count IV
### Quantum Meruit

78.     Plaintiff re-alleges the preceding paragraphs as if set forth herein.

79.     Plaintiff should be compensated under a quantum meruit theory.

80.     Plaintiff provided valuable services to Defendants and was not fairly compensated.

81.     Plaintiff deserves the reasonable value of the services he provided to Defendants.

82.     Plaintiff seeks recovery of the difference in hourly salary he was actually paid and the reasonable value of his services.

## Count V
### Promissory Estoppel

83.     Plaintiff re-alleges the preceding paragraphs as if set forth herein.

84.     Defendants, through Kalpesh Gandhi, promised to Plaintiff to pay him twenty dollars an hour if he worked for them after a brief trial period.

85.     Defendants should have reasonably expected Plaintiff to act on this promise.

86.     Plaintiff acted on this promise when he accepted the job and performed work for Defendants.

87.     Injustice cannot be avoided unless Defendants are forced to follow through with their promise to pay Plaintiff twenty dollars an hour for all work performed after his trial period.

88.     Plaintiff seeks recovery of the difference in hourly salary he was actually paid and the hourly salary he was promised for the entire period he worked for Defendants once his two-week trial period ended, including the last week of his employment and for which he received no pay. .

WHEREFORE, Plaintiff prays this court grant him:

a.  Minimum wages for all uncompensated hours worked;

b.  Overtime pay for all hours worked that exceeded forty hours in a given week;

c.  An equal amount to his unpaid minimum and overtime wages in liquidated damages under the FLSA and AMWA;

d.  Backpay for all hours worked after his trial period at a rate of twenty dollars an hour for the first forty hours in a workweek and thirty dollars an hour for the hours that exceeded forty in a workweek;

e.  Pre and post judgment interest;

f.  Attorney fees and costs; and

g.  Any and all other relief to which he is entitled.

Respectfully Submitted,

Annie Smith
Civil Litigation and Advocacy Legal Clinic
University of Arkansas School of Law
107 Waterman Hall
1 University of Arkansas
Fayetteville, Arkansas 72701-1201
(479) 575-3056
abs006@uark.edu
Arkansas Bar #2013005

11

Zachary Hill
Admitted to practice via General Order 41
Civil Litigation and Advocacy Legal Clinic
University of Arkansas School of Law
107 Waterman Hall
1 University of Arkansas
Fayetteville, Arkansas 72701-1201
(479) 575-3056
zrhill@email.uark.edu

Joshua Aguilar
Admitted to practice via General Order 41
Civil Litigation and Advocacy Legal Clinic
University of Arkansas School of Law
107 Waterman Hall
1 University of Arkansas
Fayetteville, Arkansas 72701-1201
(479) 575-3056
jdaguila@email.uark.edu

12